# UNITED STATES OF AMERICA
### Federal Court

District of Massachusetts  
at Worcester

Docket #

Francis Harvey & Sons, Inc.

Plaintiff   **04-40230**

vs.

Commissioner of the Internal Revenue Service

Defendant

**COMPLAINT**

## PARTIES

1. Plaintiff Francis Harvey & Sons, Inc. ("Harvey & Sons") is a business with an address of 141 Dewey Street, Worcester, MA 01610.

2. The defendant Commissioner of the Internal Revenue Service ("IRS") is the appropriate officer named as the representative of the IRS. For purposes of this appeal, the applicable IRS's office's address is Internal Revenue Service, Appeals Office, 10 Causeway Street, Room 493, Boston, MA 02222.

## JURISDICTION and VENUE

3. Minimally, the Federal Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6330. The plaintiff Harvey & Sons has filed this appeal within 30

1

days of the IRS's Notice of Determination to establish jurisdiction with this Court. (See the IRS's Notice Of Determination attached as Exhibit "1").

4. Venue is appropriate in Federal District Court at Worcester because the plaintiff's business is located in Worcester.

## FACTS

5. Harvey has ongoing litigation with IRS over penalties for late payment of employee taxes. This consolidated case is currently before the Federal Court, Worcester Docket #03-40097. It is Harvey's position that the consolidated case concerns the tax periods from 1993 through September 2002.

6. As set forth in the consolidated case currently ongoing, Harvey & Sons has "reasonable cause" for abatement of penalties as a result of monies not being paid to Harvey & Sons on a construction project at Amherst College.

7. The plaintiff Harvey & Sons is bringing this appeal, *inter-alia*, concerning the IRS's decision at the Collection Due Process Hearing for the tax period ending 6/30/03. (See the IRS Notice of Determination attached, Exhibit "1")

8. Harvey is disputing the IRS's actions and decisions for the tax periods since September 2002. Since September 2002, the IRS not only has inappropriately assessed penalties and interest, it also has taken certain funds for employee taxes for these periods and applied some of them to past penalties and taxes and then improperly asserting that the payments were allegedly not made. For the tax periods since those tax periods adjudicated in Docket # 03-40097, Harvey is entitled to an abatement, refund and/or any and all other appropriate

2

remedies concerning the improperly assessed penalties and interest and a proper application of Harvey's taxes to the proper tax periods.

9. Pursuant to applicable law, it is Harvey & Sons' position that it has a right to a *de novo* review by this Court..

## LAW

### Count I

### (Declaratory Judgment)

10. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 9 above.

11. There is a dispute between Harvey & Sons and the IRS over whether Harvey & Sons is (a) entitled to the reasonable cause exception for waiver of penalties, (b) what taxes are owed and (c) what is actually due, if anything, in interest and penalties.

12. A declaratory judgment will resolve this dispute.

### Count II

### (Appeal Pursuant to 26 U.S.C. § 6330)

13. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 12 above.

14. Pursuant to U.S.C. 26 § 6330, Harvey & Sons has the right to appeal the IRS's adverse Notice of Determination.

15. Harvey & Sons is hereby exercising any and all of rights of appeal pursuant

to the statute by filing this compliant.

### Count III

### (Injunction)

16. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 15 above.

17. Harvey & Sons respectfully requests an injunction preventing the IRS from collecting any sums that the Court deems are not due and owing.

### Count IV

### (Accounting)

18. Harvey & Sons repeats the allegations set forth in paragraphs 1 through 17 above.

19. Harvey seeks an accounting of the employee taxes paid and the application of those funds.

## **JURY REQUEST**

To the extent allowed by law, Harvey & Sons requests a trial by jury.

## **RELIEF REQUESTED**

Wherefore, based upon the foregoing, Harvey & Sons respectfully requests that the Court:

1. Enter judgment in Harvey & Sons' favor;

2. Declare and/or order that (a) Harvey & Sons is not required to pay the penalties in dispute and that it is entitled to the reasonable cause exception and (b) that the IRS has improperly assessed interest and misapplied penalties;

3. Issue a ruling in Harvey & Sons' favor concerning its dispute with the IRS pursuant to the authority vested in this Court pursuant to U.S.C. 26 § 6330;

4. Permanently enjoin and/or order the IRS from collecting any and all sums which are not lawfully owed, as well as issuing any and all other pertinent equitable relief;

5. Award any and all further relief deemed meet and just.

Respectfully submitted,

_____
Steven M. LaFortune
LaFortune & LaFortune
89 Main Street
Andover, MA 01810
(978) 475-6177

Counsel for Harvey & Sons, Inc.

Dated: October 28, 2004

5

**Internal Revenue Service**
Portsmouth Appeals Office
195 Commerce Way, Suite B
Portsmouth, NH 03801

**Department of The Treasury**
Northeast Region

**Person to Contact:**
Maria R. Russo
**Badge #:** 04-03510
**Tel. #:** 603-433-0796
**Fax #:** 603-433-0597

Date: OCT 0 8 2004

**Refer Reply to:**
AP:FE:PSM:MRR
**Employer Identification #:**
04-2069673

**Tax Type/Form Number:**
Employment / Form 941
Unemployment / Form 940

Francis Harvey & Sons, Inc.
P.O. Box 40
Worcester, MA 01602

**Tax Period Ended:**
Forms 940 and 941-- 12/31/2003

**In Re: CDP-Levy/Lien**

Due Process Appeal
(District Court)

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Francis Harvey & Sons, Inc.:

We have reviewed the proposed collection action for the periods shown above. This letter is your legal Notice of Determination, as required by law. A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with

the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached pages(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Kathleen E. Brown
Appeals Team Manager

**Summary of Determination**

Based upon the information in the case file, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 06/29/2004 was appropriate at the time it was filed and will remain in full force and effect until satisfied or unenforceable by law. The taxpayer is not in compliance with all Federal Tax depositing requirements for the quarter ending 09/30/2004. Therefore, no collection alternatives could be considered. Collection action may be taken to collect this debt. This action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

## Appeals Case Memorandum

**Attachment to Letter 3194 (DC)**

**Taxpayer:** Francis Harvey & Sons, Inc.
**Employer Id. #:** 04-2069673

- Request timely submitted under IRC § 6320
- Request timely submitted under IRC § 6330

| Type of Tax | Tax Period | Date of CDP Notice | Date CDP Request Received | Code Section |
|---|---|---|---|---|
| Employment | 12/31/2003 | 06/30/2004 | 07/30/2004 | 6320 |
| Employment | 12/31/2003 | 07/22/2004 | 07/30/2004 | 6330 |
| Unemployment | 12/31/2003 | 06/30/2004 | 07/30/2004 | 6320 |
| Unemployment | 12/31/2003 | 07/22/2004 | 07/30/2004 | 6330 |

### Summary and Recommendation

Based upon the information in the case file, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 06/29/2004 was appropriate at the time it was filed and will remain in full force and effect until satisfied or unenforceable by law. The taxpayer is not in compliance with all Federal Tax depositing requirements for the quarter ending 09/30/2004. Therefore, no collection alternatives could be considered. Collection action may be taken to collect this debt. This action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

### Brief Background

The taxpayer owes on the above periods due to not making Federal Tax Deposits as required by law.

It should be noted that the taxpayer filed 2 separate Form 12153's, one for the Notice of Intent to Levy that was issued on the above periods and one for the Notice of Federal Tax Lien that was filed on the above periods. As they both were received on 07/30/2004 and are both timely requests, the taxpayer was afforded one Collection Due Process hearing and it encompassed both the issuance of the Notice of Intent to Levy and the filing of the Notice of Federal Tax Lien.

On the Form 12153 requesting the hearing on the filing of the lien, the taxpayer stated: "On May 27, 2004, the taxpayer's representative, Murray Hershman, forwarded the IRS Revenue Officer assigned to this case, Thomas Simonds of your Worcester office, a request for a formal Installment Agreement for Francis Harvey & Sons, Inc. Pursuant to that request, on June 1, 2004 and on June 30, 2004, Francis Harvey & Sons, Inc. made two payments of $200,000 each. In addition, on Thursday, July 29, 2004, a meeting has been schedule between Mr. Simonds and the taxpayer's representative, Murray Hershman, that will hopefully result in a formal Installment Agreement for the company. Therefore, we hereby request that the Service cease taking any further collection in this

Letter 3194

*matter, including the filing of the Federal Tax Lien against the taxpayer and accept the company's request for a short-term Installment Agreement."*

On the Form 12153 requesting the hearing on the issuance of the Notice of Intent to Levy, the taxpayer stated:

*"On May 27, 2004, John Harvey, the Responsible Person of Francis Harvey & Sons, Inc., made a formal request of the Internal Revenue Service, Worcester office for a short-term Installment Agreement to pay the entire liability that is the subject of this Collection Due Process hearing. Pursuant to our correspondence of May 27, 2004, on June 1, 2004 Francis Harvey & Sons, Inc. made a payment of $200,000 and on June 30, 2004, it made a second payment of $200,000.*

*As of this date, Francis Harvey & Sons, Inc., is in compliance with its withholding tax filing and payment requirements for the periods ended March 31, 2004 and June 30, 2004. In addition, as of this date, the matter of Francis Harvey & Sons, Inc.'s liability for the penalties associated with its past due withholding tax liabilities is the subject of litigation currently pending in Federal District Court in Worcester. As stated in our correspondence of May 27, 2004, as soon as that matter is resolved, Francis Harvey & Sons, Inc., will pay, in lump sum, any penalty and interest assessed it by the court. Therefore, I hereby request that you suspend all collection action, including the subject Notice of Intent to Levy against the aforementioned while the matter of Francis Harvey & Sons, Inc.'s formal request for an Installment Agreement is resolved at a meeting to be held in your Worcester office between Thomas Simonds of that office and the taxpayer's authorized representative, Murray Hershman, on Thursday, July 29, 2004."*

## Discussion and Analysis

### MATTERS CONSIDERED AT THE APPEALS HEARING

#### I. Verification of Applicable Law and Administrative Procedures.

A review of the administrative file indicates that the statutory and administrative requirements that needed to be met with respect to the proposed levy and the filing of the Notice of Federal Tax Lien were in fact met in this case.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for payment are sent to the taxpayer's last known address, as provided for in IRC § 6303. Review of transcripts have confirmed the tax was assessed, and notice and demand was mailed to the taxpayer at the last known address, and there is still a balance due.

IRC Section 6320 provides that the Internal Revenue Service (IRS) will notify a taxpayer of the filing of a notice of lien and of the right to a hearing before the IRS Office of Appeals with respect to the filing of a Notice of Federal Tax Lien. Letter 3172 dated 06/30/2004, "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent via certified mail, and the Service received a timely response from you on 7/30/2004, in the form of the subject appeal.

- 3 -

A levy is a legal seizure of a taxpayer's property to satisfy a tax debt. If a taxpayer does not pay his/her taxes, or make arrangements to settle a tax debt, the IRS may seize and sell any type of real or personal property the taxpayers owns or has an interest in. IRS may also levy a taxpayer's wages.

IRC § 6331 empowers the Service to use levy action to collect taxes on all property or rights to property belonging to the taxpayer or on which there is a federal tax lien.

IRC § 6331(d) requires that IRS notify a taxpayer at least 30 days before the day of levy. The record shows that such a notice was mailed via certified mail, return receipt requested, on 07/22/2004

IRC § 6330(a)(1) specifically provides that no levy may be made unless the IRS notifies a taxpayer of:

- The Service's intention to levy, and
- The taxpayer's opportunity for a hearing with the IRS Office of Appeals.
- This notice (which is combined with the notice required under IRC § 6331(d) on Letter 1058/LT11) was mailed on 07/22/2004 via certified mail, return receipt requested.

Sections 6320 (b) & 6330(b) guarantee the right to a fair hearing by the Internal Revenue Office of Appeals. The hearing is to be conducted by an impartial officer who has had no previous dealing with respect to the unpaid tax. The Settlement Officer assigned to hear this case has had no prior involvement with respect to any of the tax liabilities that are part of this hearing.

Under Service procedures, a final notice of proposed levy is supposed to be sent only when the Service has identified potential levy sources. According to the record, levy sources were identified.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax or the proposed levy at the due process hearing.

## II. Relevant Issues Presented by the Taxpayer

**Challenges to the Existence or Amount of the Liability:**
You have not challenged the existence or the amount of the tax liabilities at issue.

**Challenges to the Appropriateness of the Proposed Collection Action:**
During the Collection Due Process hearing, Attorney Murray Hershman, your designated Power of Attorney, indicated that he had no disagreement with the issuance of the Notice of Intent to Levy or the filing of the Notice of Federal Tax Lien. He wanted to discuss a collection repayment proposal.

**Collection Alternatives Offered by the Taxpayer:**
In your requests for the Collection Due Process hearing, you requested that a short-term Installment Agreement be entered into to resolve your outstanding tax debt. The

Letter 3194

Compliance Division rejected your request due to the fact that you were not in compliance with making Federal Tax Deposits for the quarter ending 09/30/2004. The Compliance Division issued the necessary paperwork advising you of the rejection of your proposal.

As part of your Collection Due Process hearing, Attorney Hershman proposed an Installment Agreement to Settlement Officer Russo on your behalf. This installment agreement was to include all outstanding Form 941, Employment Tax liabilities and Form 940, Unemployment Tax liabilities totaling approximately $1,800,000. He proposed to pay $300,000 per month beginning 10/28/2004 and to pay any remaining balance on the periods currently in Collection Due Process litigation in U.S. District Court in Worcester, MA, the periods currently in other CDP hearings and the liability at issue no later than 4/28/2005.

Settlement Officer Maria Russo explained that she was precluded from entering into an Installment Agreement if you were not current in making your Federal Tax Deposits. Attorney Hershman insisted that you were. Russo advised him that she would give you an opportunity to substantiate that the deposits were timely made by providing a letter from your bank detailing the date the deposits were withdrawn from your account. She asked you to provide a copy of your payroll records for the third quarter of 2004 to confirm that your payroll had dropped for the third quarter and that you in fact were current. She faxed a letter to your Power of Attorney detailing the specific information needed for her to agree to this proposal. The letter from the bank that you provided did not specify when the funds were withdrawn from your account nor did it substantiate that they were timely made. Hershman indicated that you did not have payroll records to provide to substantiate that your payroll had dropped and were current. Russo contacted Hershman and advised him that the information provided was not was asked for and did not confirm that you were in compliance with all depositing requirements. He did not contest this fact.

You were first contacted by the Compliance Division relative to unpaid payroll taxes in September 1999. Since that initial contact, you have accrued 8 additional quarters of Form 941, Employment Tax liabilities including the one at issue and continue to accrue additional liabilities to this day. She explained that per Internal Revenue Manual 5.7.8.3, Installment Agreements are not appropriate for taxpayers who continue to accrue tax liabilities after contact because they are not in compliance. Therefore, Russo advised your Power of Attorney that she could not agree to his proposal. He had no additional collection alternatives to offer and understood that she could not agree to his proposal.

She advised him that a Notice of Determination would be issued and the case would be returned to the Compliance Division for resolution. Hershman indicated that he would petition U.S. Tax Court to delay collection action and give you time to pay the debts, as he is aware of the fact that no collection action can be taken on periods that are in litigation. Hershman stated that he would provide the Revenue Officer with a letter from Fleet Bank on a weekly basis acknowledging that the Federal Tax Deposit was made and the funds withdrawn from your account. He stated that he would have you pay $300,000 a month to the Revenue Officer on the back debt including all periods that will be in litigation. He stated that by the time the Court hears his petition, the debt will be

- 5 -

pretty much paid.

**Other Issues Raised by the Taxpayer:**
No other issues were raised.

### III. Balancing of the Need for the Efficient Collection of the Taxes With the Concerns That the Collection Action Be No More Intrusive Than Necessary.

Based upon the information in the case file, the Notice of Intent to Levy was appropriate at the time it was issued. The Notice of Federal Tax Lien filed on 06/29/2004 was appropriate at the time it was filed and will remain in full force and effect until satisfied or unenforceable by law. The taxpayer is not in compliance with all Federal Tax depositing requirements for the quarter ending 09/30/2004. Therefore, no collection alternatives could be considered. Collection action may be taken to collect this debt. This action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

Letter 3194

04-40230

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Harvey & Sons, Inc.

(b) County of Residence of First Listed Plaintiff __Worcester__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
LaFortune & LaFortune
Steven M. LaFortune    (978)-475-6177
89 Main Street, Andover, MA 01810

## DEFENDANTS

Internal Revenue Services

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ ~~Medicare Act~~ | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

26 U.S.C. 6330 - Appeal from an IRS CDP determination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER 03-40097,98,99

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04-40230**

1. Title of case (name of first party on each side only)   **Harvey vs. IRS**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [x] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [x]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [x]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [x]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Steven M. LaFortune**
ADDRESS   **89 Main Street, Andover, MA 01810**
TELEPHONE NO.   **(978)-475-6177, ext. 100**

(Coversheetlocal.wpd - 10/17/02)