UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Frank P. Harvey & Sons, Inc.,            Plaintiff-Appellant, <br><br> v. <br><br> Commissioner of the Internal Revenue Service, <br><br>           Defendant-Appellee. | Case No. 04-40230-FDS |

### UNITED STATES OF AMERICA'S ANSWER

The United States of America, by its undersigned attorney, answers appellant's complaint as follows:

### FIRST DEFENSE

To the extent the complaint seeks a declaratory judgment, the Court lacks jurisdiction pursuant to the exception for Federal taxes in the Declaratory Judgments Act, 28 U.S.C. § 2201.

### SECOND DEFENSE

To the extent the complaint seeks an injunction against the Internal Revenue Service, the Court lacks jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. Sec. 7421.

### THIRD DEFENSE

To the extent that the complaint seeks judgment against the United States with regard to any tax liabilities or tax periods not included among those indicated on the Notice of Intent to Levy and resolved by the Notice of Determination attached as Exhibit 1 to the complaint, the Court lacks jurisdiction. *See* 26 U.S.C. Sec. 6330.

### FOURTH DEFENSE

To the extent that the complaint seeks a refund of any taxes, penalties or interest paid, the Court lacks jurisdiction because the appellant failed to full pay the amounts due and failed to exhaust its administrative remedies, as required by 26 U.S.C. Section 7422.

**FIFTH DEFENSE**

The claims asserted by the appellant in this proceeding are *res judicata* because of the decision rendered by this Court on December 2, 2004, in Case No. 03-40097.

**SIXTH DEFENSE**

The doctrine of *collateral estoppel* bars appellant from 1) asserting reasonable cause for abatement of the penalties assessed against it, and 2) asserting that this proceeding involves any period other than those included on the Notice of Determination, because those issues were decided against it in this Court's December 2, 2004, decision in Case No. 03-40097.

**SEVENTH DEFENSE**

The United States responds to the specific allegations of the complaint as follows:

PARTIES

1.  *Plaintiff Francis Harvey & Sons, Inc. ("Harvey & Sons") is a business with an address of 141 Dewey Street, Worcester, MA 01610.*

**Response:**   The United States admits the allegations in paragraph 1 of the complaint.

2.  *The defendant Commissioner of the Internal Revenue Service ("IRS") is the appropriate officer named as the representative of the IRS. For purposes of this appeal, the applicable IRS's office's address is Internal Revenue Service, Appeals Office, 10 Causeway Street, Room 493, Boston, MA 02222.*

**Response:**   The United States admits the allegations in paragraph 2 of the complaint.

JURISDICTION and VENUE

3.  *Minimally, the Federal Court has jurisdiction over this matter pursuant to U.S.C. 26 § 6330. The plaintiff Harvey & Sons has filed this appeal within 30 days of the IRS's Notice of Determination to establish jurisdiction with this Court. (See the IRS's Notice Of Determination attached as Exhibit "1")*

**Response:** The United States admits that the Court has jurisdiction with regard to the tax periods indicated on the Notice of Intent to Levy and resolved by the Notice of Determination attached as Exhibit 1 to the complaint and denies the Court otherwise has jurisdiction.

4. *Venue is appropriate in Federal District Court at Worcester because the plaintiff's business is located in Worcester.*

**Response:** The United States admits the allegations in paragraph 4 of the complaint.

## FACTS

5. *Harvey has ongoing litigation with the IRS over penalties for late payment of employee taxes. This consolidated case is currently before the Federal Court, Worcester Docket #03-40097. It is Harvey's position that the consolidated case concerns the tax periods from 1993 through September 2002.*

**Response:** The United States admits that there is ongoing litigation with the appellant with regard to penalties for late payment of employee taxes. The United States denies that the consolidated case, case number 03-40097, is before the Federal Court in Worcester and avers that the December 2, 2004, decision in favor of the United States in that case is currently on appeal to the United States Court of Appeals for the First Circuit. The United States admits that it is Harvey's position that the consolidated case concerns the periods from 1993 through September 2002 but avers that it is the position of this Court, through its December 2, 2004, memorandum and order (at page 17), and the position of the United States, that the only periods at issue in the consolidated case were the quarterly tax periods ending on September 30, 2000; December 31, 2000; March 31, 2001; and September 30, 2001.

*6. As set forth in the consolidated case currently ongoing, Harvey & Sons has "reasonable cause" for abatement of penalties as a result of monies not being paid to Harvey & Sons on a construction project at Amherst College.*

**Response:** The United States denies, and the Court so held in the consolidated case, that Harvey had reasonable cause for abatement of penalties.

*7. The plaintiff Harvey & Sons is bringing this appeal, inter-alia, concerning the IRS's decision at the Collection Due Process Hearing for the tax period ending 6/30/03. (See the IRS Notice of Determination attached, Exhibit "1")*

**Response:** The United States admits this is an appeal of a Notice of Determination issued pursuant to a Collection Due Process hearing but avers that the tax period specified in the Notice of Determination attached as Exhibit 1 is for the period ending December 31, 2003. The United States denies there is any waiver of its sovereign immunity for any other claims in this proceeding.

*8. Harvey is disputing the IRS's actions and decisions for the tax periods since September 2002. Since September 2002, the IRS not only has inappropriately assessed penalties and interest, it also has taken certain funds for employee taxes for these periods and applied some of them to past penalties and taxes and then improperly asserting* [sic] *that the payments were allegedly not made. For the tax periods since those tax periods adjudicated in Docket #03-40097, Harvey is entitled to an abatement, refund and/or any and all other appropriate remedies concerning the improperly assessed penalties and interest and a proper application of Harvey's taxes to the proper tax periods.*

**Response:** The United States denies there is any jurisdiction to dispute in this proceeding any period other than the quarter ending December 31, 2003. The United States also denies that it has inappropriately assessed penalties and interest; denies that it has

taken any designated tax payments from Harvey and applied them to any period other than those periods to which those payments were designated; and denies that Harvey is entitled to any abatement, refund or any other remedy in this action. The United States further avers that it properly applied all payments made by Harvey in accordance with the appropriate IRS policy and procedures.

9. *Pursuant to applicable law, it is Harvey & Sons' position that it has a right to a de novo review by this Court.*

**Response:** The United States admits that the Harvey has a right to a de novo review of the Notice of Determination issued pursuant to the Collection Due Process hearing for the tax period ending December 31, 2003.

## LAW

### COUNT I

(Declaratory Judgment)

10. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 9 above.*

**Response:** The United States reasserts its responses to the allegations set forth in paragraphs 1 through 9 of the complaint.

11. *There is a dispute between Harvey & Sons and the IRS over whether Harvey & Sons is (a) entitled to the reasonable cause exception for waiver of penalties, (b) what taxes are owed and (c) what is actually due, if anything, in interest and penalties.*

**Response:** The United States admits that it denied the appellant's request for an abatement of penalties relating to the tax period indicated on the Notice of Intent to Levy and resolved by the Notice of Determination attached as Exhibit 1 to the complaint. The United States lacks knowledge or information sufficient to form a belief as to whether there is a dispute with Harvey with regard to what taxes are owed and

avers that even if there were such a dispute the Court lacks jurisdiction to determine such a dispute because Harvey did not properly raise in its request for a Collection Due Process hearing, or at the hearing itself, any issue relating to the existence or amount of the tax liability.

12. *A declaratory judgment will resolve this dispute.*

**Response:** The allegations in paragraph 12 of the complaint state a legal conclusion to which no response is required.

## COUNT II

(Appeal Pursuant to 26 U.S.C. § 6330)

13. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 12 above.*

**Response:** The United States reasserts its responses to the allegations set forth in paragraphs 1 through 12 of the complaint.

14. *Pursuant to U.S.C. 26 § 6330, Harvey & Sons has the right to appeal the IRS's adverse Notice of Determination.*

**Response:** The United States admits the allegations in paragraph 15 of the complaint.

15. *Harvey & Sons is hereby exercising any and all of rights of appeal pursuant to the statute by filing this compliant.*

**Response:** The allegations in paragraph 15 of the complaint state a legal conclusion to which no response is required.

## COUNT III

(Injunction)

16. *Harvey & Sons repeats the allegations set forth in paragraphs 1 through 15 above.*

**Response:** The United States reasserts its responses to the allegations set forth in paragraphs 1 through 15 of the complaint.

17. *Harvey & Sons respectfully requests an injunction preventing the IRS from collecting any sums that the Court deems are not due and owing.*

**Response:** Paragraph 17 is a request for relief to which no response is required.

## COUNT IV

(Accounting)

18. *Harvey & Sons repeats the allegations set forth in paragraph 1 through 17 above.*

**Response:** The United States reasserts its responses to the allegations set forth in paragraphs 1 through 17 of the complaint.

19. *Harvey seeks an accounting of the employee taxes paid and the application of those funds.*

**Response:** Paragraph 19 is a request for relief to which no response is required.

WHEREFORE, the United States requests the appellant's complaint be dismissed and the Court grant such other and further relief as the Court deems proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


   /S/ Glenn J. Melcher
GLENN J. MELCHER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6573
Facsimile: (202) 514-5238
Glenn.J.Melcher@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on this 14th day of January, 2005, a copy of the UNITED STATES OF AMERICA'S ANSWER was filed electronically. Notification of this filing will be sent to each counsel via the electronic filing system. A copy of this document will also be sent to the following counsel of record by first class mail:

>Steven M. LaFortune, Esq.
>LaFortune & LaFortune
>89 Main Street
>Andover, MA 01810

>　/S/ Glenn J. Melcher
>GLENN J. MELCHER
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6573